IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


WADE TRANSPORT, INC.                                                                            PLAINTIFF

VS.                                                              CIVIL ACTION NO.  2:07CV6KS-MTP

PUCKETT MACHINERY COMPANY,
CATERPILLAR, INC., and
JOHN DOES 1-10                                                                              DEFENDANTS


## MEMORANDUM OPINION AND ORDER

This matter is before the court on a motion for an order of remand filed by plaintiff. From its review of all matters made a part of the record of this case as well as applicable law, and being thus fully advised in the premises, the court FINDS that the motion is not well taken and should be denied.  The court specifically finds as follows:

### FACTUAL BACKGROUND

Plaintiff Wade Transport, Inc. ("Wade"), a Mississippi corporation, filed suit against defendants in the Circuit Court of Covington County, Mississippi, on December 7, 2006. Defendant Puckett Machinery Corporation ("Puckett") is a Mississippi corporation, and defendant Caterpillar, Inc. ("Caterpillar") is an Illinois corporation.

The complaint alleges that Wade purchased ten trucks equipped with Caterpillar model C-13 engines manufactured by Caterpillar from Peterbilt of Mississippi, Inc. ("Peterbilt"), a non-party to this litigation.  Plaintiff alleges that prior to the date of the sale, a salesman from Peterbilt and a salesman from Puckett (a local dealer and distributor for Caterpillar) and

1

Caterpillar came to plaintiff's office and, afer learning what kind of business plaintiff conducted, the two sales representatives recommended that plaintiff purchase the C-13 Caterpillar engines to be installed in Peterbilt trucks. Plaintiff alleges that in reliance on the salesmen's assurances, recommendations and expertise, he decided to purchase the C-13 Caterpillar engines. Plaintiff alleges that after the trucks were delivered to him, he experienced multiple, serious problems with the engines. Plaintiff asserts claims against defendants for breaches of express warranties, the implied warranty of fitness for a particular purpose and the implied warranty of merchantability.

On January 5, 2007, Caterpillar filed a Notice of Removal with this court,[1] contending that Puckett, the only Mississippi defendant, was improperly joined and that this court therefore has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.[2] Specifically, Caterpillar claims that Wade cannot maintain a cause of action for breach of warranty against Puckett because Puckett is not a "seller" and therefore cannot be held liable under the Uniform Commercial Code ("UCC"), Miss. Code Ann. § 75 2-101 *et seq.* Plaintiff filed a motion to remand on January 10, 2007.

## STANDARD OF REVIEW

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division

---

[1] Puckett joined in the Notice of Removal on January 16, 2007.

[2] The complaint also names as defendants John Does 1 through 10, but according to 28 U.S.C. § 1441(a), "the citizenship of defendants sued under fictitious names shall be disregarded" for purposes of removal.

embracing the place where such action is pending." 28 U.S.C. § 1441(a).  Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a).  **After removal of a case, the plaintiff may move for remand, and "[if] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."** 28 U.S.C. § 1447(c)**.  As the removing party, Caterpillar has the burden of proving that this court has jurisdiction to hear the case.** *Jernigan v. Ashland Oil, Inc.***, 989 F.2d 812, 815 (5th Cir. 1993).  Caterpillar also bears the burden of demonstrating improper joinder.**[3]  *Id.  See also Ross v. Citifinancial, Inc.***, 344 F.3d 458, 462 (5th Cir. 2003),** *cert. denied***, 126 S.Ct. 335 (2005).  That burden is "a heavy one."** *Id.* (*citing Travis v. Irby***, 326 F.3d 644, 648 (5th Cir. 2003)).   Moreover, federal courts are to construe removal statutes "strictly against removal and for remand."** *Eastus v. Blue Bell Creameries, L.P.***, 97 F.3d 100, 106 (5th Cir. 1996) (citations omitted).**

**To establish fraudulent joinder, the removing party must prove: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."** *Travis***, 326 F.3d at 647** *(citing Griggs v. State Farm Lloyds***, 181 F.3d 694, 698 (5th Cir. 1999)).  Caterpillar is asserting only the latter basis for jurisdiction.  In the absence of actual fraud, in order to establish that Puckett was improperly joined, Caterpillar must prove that there is no "arguably [ ] reasonable basis**

---

[3] The Fifth Circuit has recently "adopted the term 'improper joinder,' rather than 'fraudulent joinder,'" stating that "[w]hile there is no substantive difference between the two terms, the phraseology 'improper joinder' is preferred."  *McDonal v. Abbott Labs.*, 2005 WL 957142, at * 6 n.1 (5th Cir. 2005) (*citing Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (*en banc*)).

for predicting that state law might impose liability" on Puckett. *Ross*, 344 F.3d at 462 (*citing Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)). The court in *Ross* emphasized that "[t]his means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Id.* (*citing Great Plains*, 313 F.3d at 312) (emphasis in original). As part of its review, the court is required to "take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *Id.* at 463 (*citing Travis*, 326 F.3d at 649). And the court must resolve all ambiguities in state law in favor of the non-moving party. *Id.* (*citing Travis*, 326 F.3d at 649). Even under this standard, the party seeking remand may not rely on conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant. *See Badon v. R.J.R. Nabisco Inc.*, 224 F.3d 382, 392-93 (5th Cir. 2000). Moreover, the reviewing court should not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts" to support its claims against the non-diverse defendant. *Id.* (*citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

Furthermore, in reviewing allegations of improper joinder, it is appropriate for this court to pierce the pleadings to consider summary judgment type evidence. *Ross*, 344 F.3d at 462-63 (*citing Travis*, 326 F.3d at 648-49). Indeed, the Fifth Circuit has stated that "a removing party's claim of fraudulent joinder to destroy diversity is viewed as similar to a motion for summary judgment...A court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties." *LeJeaune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992). *See also*

*Badon*, 224 F.3d at 390 ("[T]hus it is clear that although a state court complaint on its face may allege a state law claim against an in-state defendant that does not preclude it from being removable (by the non-resident defendant), when filed, if the plaintiff's pleading is pierced and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim against the in-state defendant.").

## ANALYSIS

In its complaint, plaintiff alleges that Puckett breached three warranties: an express warranty, based on the representations allegedly made by the Puckett and Caterpillar sales representatives to Wade, the implied warranty of merchantability, and the implied warranty of fitness for a particular purpose. Puckett argues that because it did not sell the Caterpillar engines to Plaintiff, it cannot be liable under the UCC for breach of any warranty and therefore it was improperly joined in this action.

Under the UCC, an express warranty is created "by the *seller*"[4] by either an "affirmation of fact or promise made by the *seller* to the buyer which relates to the goods and becomes part of the basis of the bargain," or by "[a]ny description of the goods which is made part of the basis of the bargain" or by "[a]ny sample or model which is made part of the basis of the bargain." Miss. Code Ann. § 75-2-313 (emphasis added). With respect to the implied warranty of merchantability, "[a] warranty that the goods shall be merchantable is implied in a contract for their sale if the *seller* is a merchant with respect

---

[4] "Seller" is defined by the UCC as "a person who sells or contracts to sell goods." Miss. Code Ann. § 75-2-103(d).

to goods of that kind." Miss. Code Ann. § 75-2-314 (emphasis added); *see also Easley*, 769 So. 2d at 241 (holding that implied warranty of merchantability did not apply to engine parts  And the UCC makes it clear that only a "seller" is liable for breach of the implied warranty of fitness for a particular purpose: "Where the *seller* at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is an implied warranty that the goods shall be fit for such purpose." Miss. Code Ann. § 75-2-315 (emphasis added).

According to the allegations in plaintiff's complaint, as well as the affidavits of Collete Wade and Bryan Wade, both officers of Wade, Puckett, a dealer and distributor of Caterpillar engines, sent a sales representative to Wade to determine what Caterpillar engine would be appropriate for Wade's purposes, and made various representations and warranties upon which plaintiff relied in deciding to purchase the Caterpillar engines. However, as Puckett points out, it did not sell the engines to plaintiff. Rather, the sales documents for the ten Peterbilt trucks show that Peterbilt, a builder of trucks (and a non-party to this litigation) placed an order with Caterpillar for the ten C-13 engines. Caterpillar then sold the ten engines to Peterbilt, the engines were installed into the Peterbilt trucks, and  Peterbilt then sold the trucks to plaintiff.  Plaintiff has pointed to no authority (nor is the court aware of any) that would allow Puckett to be held liable under these circumstances for breach of express or implied warranties. Indeed, in *Easley v. Day Motors, Inc.*, 796 So. 2d 236, 240-42 (Miss. Ct. App. 2001), the court held that plaintiff could not maintain causes of action for breaches of express warranty or the implied

warranties of fitness for a particular purpose and merchantability where defendant - although a seller of engine parts - neither sold nor installed the engine parts at issue in the case.

It is clear from the facts alleged in the complaint, as well as the additional evidence submitted on the instant motion, that Puckett - although perhaps a "seller" of Caterpillar engines in general - was not a "seller" of the Caterpillar engines at issue in this case and therefore there is no arguably reasonable basis for predicting that it would be held liable, under Mississippi law, for any alleged breaches of express or implied warranties. Accordingly, the court finds that Puckett was improperly joined and, therefore, it should be dismissed from this action. With Puckett no longer a defendant in this case, there is complete diversity among the parties. In addition, the amount-in-controversy requirement is met, as plaintiff claims in his complaint that he "has suffered damages in the form of excessive mechanical repair bills, rental of replacement vehicles, down time, lost business, and loss in value of the engines and trucks" (for which plaintiff paid $830,671.20, according to the purchase invoices attached to plaintiff's complaint). Therefore, this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 and plaintiff's motion to remand should be denied.

IT IS, THEREFORE, ORDERED AND ADJUDGED that plaintiff's motion to remand [# 2] is denied.

IT IS FURTHER ORDERED AND ADJUDGED that defendant Puckett is dismissed from this case with prejudice.

**SO ORDERED and ADJUDGED on this, the 24th day of May, 2007.**

                    *s/Keith Starrett*
                    UNITED STATES DISTRICT JUDGE